ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- ) | |
| ) | |
| ███████████████████ ) | ASBCA No. 60597 |
| ███████ ) | |
| ) | |
| ) | |
| Under Contract No. W91B4M-09-C-7088 ) | |

APPEARANCE FOR THE APPELLANT:        ████████████████
                                     General Director

APPEARANCES FOR THE GOVERNMENT:      Raymond M. Saunders, Esq.
                                      Army Chief Trial Attorney
                                     CPT Sarah E. Park, JA
                                      Trial Attorney

OPINION BY ADMINISTRATIVE JUDGE O'CONNELL
ON THE GOVERNMENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

The government moves to dismiss this appeal for lack of jurisdiction, contending that appellant failed to submit a claim pursuant to the Contract Disputes Act (CDA) of 1978, 41 U.S.C. §§ 7101-7109. We grant the motion.

STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. On 22 March 2009, the Army awarded Contract No. W91B4M-09-C-7088 to ████████████████████████ ███████[1] (appellant) for construction at the Forward Operating Base (FOB) Muqor, Afghanistan (R4, tab 1).

2. On 11 October 2011, the Army terminated the contract for convenience, stating that it no longer needed the project (R4, tab 8).

3. By email dated 5 September 2012 1:26 PM, the contracting officer, SSgt Gerardo Arias-Chong, emailed appellant the following:

> Our team picked up this contract and noticed it was
> terminated for convenience in Oct 2011. However, we
> couldn't find, if any, your settlement proposal in the file.

---

[1] The appeal caption has been modified to reflect the name of the contractor in the contract.

> Please reply all with your settlement proposal as soon as
> possible.

(R4, tab 11)

4. By email dated 6 September 2012 10:15 AM, appellant responded, stating:

> We are very happy finally to hear from yours regarding this
> project, the project is terminated but the contracting officer
> mentioned to us during terminating of this contract that they
> will pay for us what we bought to this contract and they asked
> us a BOQ that [I] have submitted to them...we were ready to
> start our work and we bought some of material and was ready
> to move to construction site but stopped by contracting
> officer. [W]e are still ready to start this project....

(R4, tab 14) (Syntax in original)

5. The contracting officer replied that same day, informing appellant that the government was not continuing the project, and because the government never took ownership of the materials, the government would not pay for them unless appellant could "prove the US troops kept them." The contracting officer asked for appellant's settlement proposal for any costs incurred, and expressed a willingness to negotiate after submission of the proposal. (R4, tab 15 at 2) After an explanation from the contracting officer as to what a settlement proposal was, appellant sent him an email stating, "Please find attached our settlement proposal for [the contract]" (R4, tab 15 at 1). There is no settlement proposal in tab 15.

6. The Board ordered the government to identify the tab or tabs containing the termination settlement proposal or supplement the Rule 4 with the appropriate documents. In a 25 October 2016 letter to the Board, the government stated:

> [T]he government has supplemented the Rule 4 file with what
> is purported to be appellant's Settlement Proposal as Tab 17.
> Government has no record of this document within the
> government contract file. The document at Tab 17 was
> emailed by appellant to government counsel on 11 June 2016.

2

This document, titled Settlement Proposal, lists eight categories of costs as follows:

| NO | ITEM | QTY | UNIT | UNIT Prices USD | TOTAL |
|----|------|-----|------|-----------------|-------|
| 1 | 1 DBA Purchased | 1 | LS | 6480 | 6480 |
| 2 | 2 DBA Purchased | 1 | LS | 2400 | 2400 |
| 3 | Materials | 1 | LS | 495877 | 495877 |
| 4 | Grand Total for First employees items | 1 | LS | 74,850.00 | 74850 |
| 5 | Grand Total for above equipments | 1 | LS | 28,800.00 | 28800 |
| 6 | Mobilization of rebar, wood, plywood and iron sheet | 1 | LS | 13,600.00 | 13600 |
| 7 | Grand Total for second employees | 1 | LS | 18,200.00 | 18200 |
| 8 | Demobilization of rebar, wood, plywood and iron sheet | 1 | LS | 9,600.00 | 9600 |

**Grand Total Cost of Settlement Proposal in $**      **649807**

(R4, tab 17) This purported settlement proposal is not dated, contains no explanation of the categories or back-up information, and is not signed or certified.

7. By email dated 9 November 2012, the contracting officer stated to appellant, "Sir[,] After reviewing all your payrolls, you are short by $45,150. To keep on with the negotiations, would you accept a counteroffer of $123,200?" (These payrolls are not in the record.) Appellant responded by email dated 10 November 2012, "Dear SSG Arias, As you know it took long time, however we accept to get pay $123,200.00 and to close this contract" (R4, tab 12).

8. The contracting officer informed appellant that the agreement was undergoing legal review, but promised payment by the beginning of 2013 (app. supp. R4, email dtd. 10 Nov. 2012 11:58 AM). Despite this promise, the government never paid.

9. Several emails between appellant and the successive contracting officers followed, in which appellant sought information on when it would be paid (app. supp. R4, emails dtd. from 5 Dec. 2012 12:06 AM through 1 August 2013 9:49 AM).

10. By email dated 25 May 2016, appellant filed an appeal with the Board, including a complaint in which it sought $649,807. We docketed that appeal as ASBCA No. 60597.

3

11. On 22 July 2016, the government moved to dismiss the appeal for lack of jurisdiction, contending that appellant had not submitted a certified claim and that the contracting officer had not issued a final decision (gov't mot. at 1).

12. Appellant responded to the government's motion by stating:

> We submitted the Claim to the SSgt Stanke, Nicholas on the Wed, May 4, 2011 at 8:31 PM, he confirm received of the BoQ the materials we purchased for this project....
>
> And we have final decision, which was the offered $123,200 ONLY for Labor and equipment[], the contracting officer said us the materials to other project, as they promise us on the phone will award other projects, but he not keep his promise he not give the other project and we never used the materials.
>
> My company never received the amount $123,200 for the labor and equipment[].

(App. resp. at 1) However, appellant has not provided us with the 4 May 2011 claim it references.

13. The government has filed a declaration from the contracting officer for the Close-Out Division of Army Contracting Command – Rock Island, Illinois, stating that she had thoroughly reviewed appellant's file and had not found a 4 May 2011 claim. Further, she said counsel for the government provided her with a copy of appellant's 25 May 2016 complaint which she would review as a claim and issue a contracting officer's final decision. (R4, tab 13) On 3 November 2016, she issued a final decision on the 25 May 2016 "claim." The decision denies appellant's request for $649,807, but finds entitlement to the "original negotiated settlement costs of $123,200.00." (R4, tab 18)

14. Appellant filed a notice of appeal from the contracting officer's 3 November 2016 final decision, which we docketed as a separate appeal on 7 December 2016, ASBCA No. 60915.

## DECISION

The CDA states, "Each claim by a contractor against the Federal Government relating to a contract shall be submitted to the contracting officer for a decision." 41 U.S.C. § 7103(a)(1). The Board's jurisdiction depends on the submission of a claim to the contracting officer, followed by a written contracting officer's final decision or a "deemed denial" of the claim. Where the claim is greater than $100,000, it must also be

certified in accordance with the CDA to be considered a claim.[2] 41 U.S.C. § 7103(b); FAR 2.101; *Bizhan Niazi Logistic Services Company,* ASBCA No. 59205, 14-1 BCA ¶ 35,703 at 174,827. Appellant, as the proponent of the Board's jurisdiction, must demonstrate that it meets the requirements of our jurisdiction. *Baghdad Fallujah Company,* ASBCA No. 58489, 13 BCA ¶ 35,390 at 173,641.

The record indicates that appellant submitted a settlement proposal to the contracting officer in November 2012 (SOF ¶ 5). A settlement proposal is generally not considered a claim within the meaning of the CDA but may become a claim if it is submitted in the context of or develops into, a dispute. *James M. Ellett Constr. Co. v. United States,* 93 F.3d 1537, 1543-44 (Fed. Cir. 1996). When the contracting officer fails to take action on the settlement proposal within a reasonable time and there is no indication when there will be any action, a contractor may conclude "that for all practical purposes the contracting officer had impliedly denied its claim." *Carmona Industrias Electricas, S.A.,* ASBCA No. 42996, 93-3 BCA ¶ 25,975 at 129,164.

On this incomplete record, we cannot determine if a settlement proposal may have developed into a claim before appellant filed this appeal. If that were the only issue we would deny the motion and conduct fact finding. After providing the government multiple opportunities to supplement the Rule 4 file what is clear is that, through bureaucratic indifference, the government failed to keep its promise to pay appellant, failed to explain why it was not paying, and failed to retain the records that demonstrate what happened. While we are sympathetic to appellant's predicament, the problem is that, even if we assume that its settlement proposal ripened into a claim somewhere along the way, the amount it seeks is well over $100,000 and neither appellant nor the government has

---

[2] Although the CDA does not define the term "claim," it is defined at Federal Acquisition Regulation (FAR) 2.101:

> *Claim* means a written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of contract terms, or other relief arising under or relating to the contract. However, a written demand or written assertion by the contractor seeking the payment of money exceeding $100,000 is not a claim under [the CDA], until certified as required by the statute. A voucher, invoice, or other routine request for payment that is not in dispute when submitted is not a claim. The submission may be converted to a claim, by written notice to the contracting officer as provided in 33.206(a), if it is disputed as to liability or amount or is not acted upon in a reasonable time.

provided us with any document where appellant certified its claim. Thus, we lack jurisdiction to consider this appeal.

## CONCLUSION

The government's motion is granted and this appeal, ASBCA No. 60597, is dismissed. ASBCA No. 60915, appellant's appeal from the CO's 3 November 2016 decision rendered on appellant's 25 May 2016 complaint/claim remains on the Board's docket.

Dated: 3 March 2017

MICHAEL N. O'CONNELL
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 60597, Appeal of ███████████ ████████████████████████████, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

6